| | | |
|---|---|---|
| EMMETT W. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV208 |
| | ) | |
| CITY OF DURHAM, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 23, 2009, *pro se* Plaintiff Emmett W. Caldwell filed a civil action in this Court and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). As Defendants, Plaintiff Caldwell named the City of Durham, the Durham Department of Neighborhood Improvement Service, Rick Hester (in his individual and official capacity), Stacy Crabtree (in her individual and official capacity), and the State of North Carolina. The complaint is a partially typed, partially handwritten document that is rambling and disorganized.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C. § 1915(e)(2)(B) when the complaint lacks "an arguable basis either in law or in fact." *Id*. at 325. *Neitzke* explained that "[§ 1915(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power

to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Additionally, under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), a court may dismiss as frivolous *in forma pauperis* complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely.

The Court first notes that Plaintiff, although he proceeds *pro se*, is hardly an inexperienced litigator; he has filed a multitude of civil actions in the state and federal courts. In fact, Plaintiff has filed at least 128 cases since 1988 – more than 25 in this court alone. *See Caldwell v. Triangle Transit Authority,* No. 1:08CV10 (M.D.N.C. Recommendation of Magistrate Judge, August 22, 2008).

The complaint includes allegations that "Durham City politics and government is saturated with alleged raceist [sic] & satinic [sic] cult and mafia/drug gangsters as members (as Durham democratic boss ect [sic] charged with satanic slavery & homosexual rape) who target Plaintiff's family." (Docket No. 1, Complaint at 1.) The complaint goes on to complain of a building condemnation process "based upon invalid and false pretenses and untrue allegations." (*Id.*) Plaintiff purports to challenge the Durham housing code. He alleges negligence on the part of the Defendants. He states that "Plaintiff secures both doors with nails each evening Crabtree fraudulently claims structure was unlocked accessible to the public." (*Id.* at 5.) It appears that Plaintiff does not own 110 Plantation Drive, the property in question, a property that is "pending tax foreclosure." (*Id.* at 1.) Plaintiff alleges

-2-

intentional infliction of emotional distress (without identifying a diagnosed medical condition), and an unconstitutional statute.

Plaintiff Caldwell, who has filed over 120 *pro se* lawsuits against various defendants over recent years, has utterly failed to provide a "short and plain statement" of a claim as is required by Fed. R. Civ. P. 8(a)(2). He has sued Defendants that include entities that are not subject to suit or are clearly immune from the damages relief he claims. His allegations include clearly fanciful and delusional assertions.

For these reasons, **IT IS RECOMMENDED** that Plaintiff's Complaint be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

_____/s/ P. Trevor Sharp_____
United States Magistrate Judge

Date: March 30, 2009